# United States District Court
# Central District of California

| | |
|---|---|
| Richard Powell,<br><br>        Plaintiff,<br><br>        v.<br><br>Win Global Group, Inc. et al.,<br><br>        Defendant. | Case No. 2:18-cv-02104-ODW (JPRx)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [20]** |

## I. INTRODUCTION

Defendant Win Global Group, Inc. d/b/a London Liquor ("London Liquor") moves to dismiss Plaintiff Richard Powell's ("Powell") complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("FRCP") 12(b)(1). (ECF No. 20.) For the reasons below, Defendant's Motion is **DENIED without prejudice**.[1]

## II. FACTUAL BACKGROUND

Powell initiated this action on March 13, 2018, for violations of the Americans with Disabilities Act ("ADA") and related state-law claims. (Compl., ECF No. 1.) On

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

November 16, 2018, Defendant London Liquor moved to Dismiss for Lack of Subject Matter Jurisdiction. (Def.'s Mot. to Dismiss ("Mot."), ECF No. 20.)

Powell is a California resident with a physical disability who is substantially limited in his ability to walk and requires the use of a wheelchair at all times when traveling in public. (Compl. ¶ 1.) On or about October 25, 2017, Powell visited London Liquor, located at 6350 Long Beach Blvd., Long Beach, California. (Compl. ¶ 10.) During his visit and a subsequent visit on December 2, 2017, Powell alleges that he encountered barriers in London Liquor's parking lot that do not comply with handicap accessibility requirements under the ADA. (Compl. ¶¶ 12–13.) In its Motion, London Liquor argues that this Court should dismiss the remainder of Powell's claims because he lacks standing. (Mot. 1.) Specifically, London Liquor argues that Powell has not sufficiently established a real and immediate threat of repeated injury because Powell does not have "legitimate plans to revisit [London Liquor]." (*Id.* at 8.)

### III. LEGAL STANDARD

Pursuant to FRCP 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Article III, Section 2, of the United States Constitution restricts the federal "judicial Power" to the resolution of "Cases" and "Controversies," and this case-or-controversy requirement is met where the plaintiff has standing to bring his or her suit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992); *see also Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). Like all Plaintiffs, ADA plaintiffs must establish standing at each stage of the litigation, but the "Supreme Court has instructed us to take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits 'are the primary method of obtaining compliance with the Act.'" *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (quoting *Trafficante v. Metro Life Ins. Co.*, 409 U.S. 205, 209 (1972)).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack and a factual attack. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*,

594 F.2d 730, 733 (9th Cir. 1979). As such, a party may challenge either the allegations of jurisdiction contained in the non-moving party's complaint or the existence of subject matter jurisdiction despite the formal sufficiency of the pleading. *Id.*

### IV. DISCUSSION

#### A. Powell Has Standing

To establish Article III standing, Powell must demonstrate that:
> (1) he has suffered an "injury in fact" that is concrete and particularized and actual or imminent; (2) the injury is fairly traceable to the challenged actions of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Bernhardt v. Cty. of Los Angeles*, 279 F.3d 862, 868–69 (9th Cir. 2002) (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. Inc.*, 528 U.S. 167, 180–81 (2000)). Once a defendant moves to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing the court's subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Additionally, in order for ADA plaintiffs to establish standing to pursue injunctive relief, which is the only relief available under the ADA, they must demonstrate a "real and immediate threat of repeated injury" in the future. *Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)).

Powell has suffered an injury in fact. Powell alleged he visited London Liquor on October 25, 2017, and again on December 2, 2017. (Compl. ¶ 10.) During these visits, Powell allegedly encountered three barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at London Liquor. (*Id.* ¶ 12.) The first barrier alleged was a "[failure to] comply with the federal and state standards for the parking space designated for persons with disabilities. [London Liquor] failed to post required signage such as Minimum Fine $250 or

Unauthorized Parking." (*Id.* ¶ 13.) The second barrier alleged was a "[failure to] maintain the parking space designated for persons with disabilities [in compliance] with the federal and state standards. [London Liquor] failed to paint the access aisle as required." (*Id.* ¶ 13.) The third barrier alleged was a "[failure to] maintain the parking space designated for persons with disabilities [in compliance with] the federal and state standards. [London Liquor] failed to mark the space with the International Symbol of Accessibility." (*Id.* ¶ 13.) Powell alleges that the foregoing barriers denied him full and equal access to London Liquor and caused him difficulty and frustration. (*Id.* ¶ 14.); *see Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2002) (holding that alleged barriers "need only interfere with the plaintiff's 'full and equal enjoyment' of the facility" for a plaintiff to suffer an injury in fact). Thus, Powell has suffered an injury in fact, and the first standing element is therefore met.

Powell's injury is also traceable to the actions of London Liquor and is redressable by the courts. *See Doran*, 524 F.3d at 1042 n.5 (holding that once an ADA plaintiff has encountered or becomes aware of alleged barriers that deter him from visiting the establishment or interfere with his access to the premises, he has suffered an injury in fact traceable to the defendant's conduct and redressable by the courts).

Although an encounter with barriers in violation of the ADA is sufficient to show an injury in fact for the purpose of standing, since an ADA plaintiff seeks injunctive relief, he must also show "a sufficient likelihood that he will again be wronged in a similar way." *Chapman*, 631 F.3d at 948 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). To satisfy this standard, an ADA plaintiff must show a "real and immediate threat of repeated injury." *Lyons*, 461 U.S. at 102. Thus, an ADA plaintiff can show that "either he is deterred from returning to the facility or that he intends to return to the facility and is therefore likely to suffer repeated injury." *Chapman*, 631 F.3d at 953.

Powell need not return to the store (although he has visited twice), it is enough that he is deterred from visiting the store due to the alleged barriers. However, an ADA

plaintiff "lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability." *Id.* "So long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues." *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 (9th Cir. 2002). Powell alleges that he "lives about 7 miles away from [London Liquor]. [London Liquor] is conveniently located and [Powell] would like to return. However, [Powell] is deterred from visiting [London Liquor] because his knowledge of these violations prevents him from returning until the barriers are removed." (Compl. ¶ 14.) Powell has adequately alleged that he is deterred from visiting London Liquor. Even if he is not actually deterred from visiting London Liquor, he has visited the store twice and has therefore shown his intent to return. (*Id.* ¶ 10.)

Accordingly, Powell has demonstrated standing, and the Court could conclude its analysis. However, for the sake of completeness, the Court turns to London Liquor's attempt to proffer photographic evidence.

### B. London Liquor Has Not Properly Introduced Evidence Sufficient to Show that this Court Lacks Subject Matter Jurisdiction

In support of its Motion, London Liquor attached various photographs in an apparent attempt to moot Plaintiff's claims due to subsequent remedial actions. However, evidence that Defendant has remedied ADA violations must be supported by declaration of an ADA accessibility expert, which London Liquor failed to attach to its Motion. *See Johnson v. Conrad*, No. 2:14-CV-00596-MCE, 2014 WL 6670054, at *4 (E.D. Cal. Nov. 24, 2014) (finding that a claim was not moot where defendant offered only conclusions from lay witnesses indicating that defendant complied with ADA regulations); *cf McCarthy v. Luong*, No. 1:16-CV-01172-LJO-BAM, 2016 WL 6834095, at *5 (E.D. Cal. Nov. 21, 2016) (dismissing claim as moot where defendant

submitted uncontroverted sworn declaration from an accessibility expert attesting to how each of the barriers described in the complaint had been remedied).

Powell argues that because there is no declaration attached to London Liquor's Motion, the pictures lack proper foundation. The Court agrees. Powell also argues that because there is no declaration, the photographs are also inadmissible hearsay. This argument is unavailing because photographs are not hearsay as they depict a scene as it existed at a particular point in time, and do not make an assertion. *See U.S. v. Lizarraga-Tirado*, 789 F.3d 1107, 1109 (9th Cir. 2015), citing *U.S. v. May*, 622 F.2d 1000, 1007 (9th Cir. 1980)).

London Liquor attempted to rectify this shortcoming by attaching a declaration to its reply in support of the Motion. (Decl. of Vincent S. Kim ¶¶ 3–4, ECF No. 23.). This declaration, however, does nothing to support London Liquor's Motion to Dismiss because the declaration does not include the findings of an certified ADA-accessibility expert, which is necessary to establish that London Liquor remedied the alleged ADA violations.

## V. CONCLUSION

For the reasons discussed above, London Liquor's Motion to Dismiss is **DENIED without prejudice.**

**IT IS SO ORDERED.**

February 25, 2019

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**